J. W. CUMMINGS, Trustee, Respondent, v. THE KANSAS CITY WHOLESALE GROCERY COMPANY, Appellants.

**Kansas City Court of Appeals, January 14, 1907.**

**FRAUDULENT CONVEYANCE: Sales: Bankruptcy: Preference: Evidence.** The mere fact that a vendor may be solvent at the time he sells his property and that he is subsequently adjudged a bankrupt, does not make a case against the vendee in good faith, but there must be shown that at the time of the sale the purchaser had reasonable cause to believe the vendor's intention was to give him a preference over other creditors; and the evidence in the record fails to show such fact; nor can it be inferred from the fact that the vendee took the property in payment of a debt.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

REVERSED.

*Edgar B. Chestnut* for appellant.

(1) There was a failure of proof to sustain the cause of action stated in the petition. The *allegata* must correspond with the *probata*. Rutledge v. Railway, 110

Mo. 318; Clements v. Yates, 69 Mo. 625. (a) There was a total failure of evidence to support a finding of conversion. The taking was lawful. 1 Addison on Torts (Woods Ed.), sec. 471. (2) Respondent had, at the time of the taking, neither the legal title or the right to possession, without which he is unable to maintain this action. Meyers v. Hale, 17 Mo. App. 209; Duggitt v. Davis, 53 Mich. 35. (3) The judgment can not be upheld for the further reason that respondent has failed to prove that any claims had been filed and allowed against the bankrupt estate. But all the evidence introduced by respondent shows affirmatively that no claims had been filed. Respondent is not in a position to question transfers of the bankrupt. Mueller v. Bruss, 88 N. W. 231.

*Merritt & Arnold* and *M. R. Lively* for respondent.

(1) Where the trial court is intrusted with both the law and facts its findings are conclusive upon the appellate court, if sustained by any substantial evidence. Rice v. McClure, 74 Mo. App. 383; Rogers v. Warren, 75 Mo. App. 271; Fullerton v. Carpenter, 97 Mo. App. 197; Tussig v. Wend, 98 Mo. App. 129; State v. Jacobs, 152 Mo. 565. (2) The appellate court will defer to the findings of the trial court as to the facts since since the trial court passed upon the credibility and weight of the evidence. Carlos v. Railroad, 106 Mo. App. 574.

BROADDUS, P. J.—The record of the cause shows the following undisputed facts, viz.: On August 24, 1904, the defendant took possession of the following goods and chattels, theretofore the property of one Herbert Boyd, to-wit: a stock of groceries, store fixtures, a horse and a delivery wagon. Afterwards, on August 25th, Arch McDonald, a constable, seized said property under certain writs of attachments in favor of creditors of Boyd.

Afterwards, on August 26th, the defendant herein instituted a replevin suit against said McDonald and retook said property into its possession, which suit is still pending and undetermined. Afterwards, on September 17th, Boyd filed a voluntary petition in bankruptcy and on the 19th day of said month he was adjudged a bankrupt. Afterwards, on October 12th, plaintiff was appointed trustee of the bankrupt's estate. At the time Boyd filed his petition in bankruptcy, he accompanied it with a schedule of his property including the property in controversy, his household goods and debts due on open accounts of the estimated total value of $1,105, and also a schedule of his indebtedness including that to defendant, the sum total being $668.12. After his appointment as trustee, the plaintiff was granted leave to bring suit against the defendant.

On the 21st day of March, 1904, Boyd executed a mortgage on the property in controversy to secure the payment of an indebtedness of $456.83 to the Campbell-Redell Grocery Company, a corporation, which was duly recorded. On August 24, 1904, the date when defendant first got possession of the property, Boyd executed a bill of sale of the same to defendant in consideration of the sum of $275.

The evidence tends to show that the market value of the property was $700. The evidence showed that plaintiff before suit demanded possession of the property from defendant's agent. There was no competent evidence introduced that defendant was the owner of the said mortgage, but there was evidence that the indebtedness secured thereby had been nearly all paid and that the small residue unpaid was understood and so recognized by Boyd as belonging to defendant. But it does sufficiently appear that the greater part of the consideration mentioned in the said bill of sale was the indebtedness of Boyd to the defendant for goods purchased by him of defendant after the execution of said mortgage.

The finding and judgment were for the plaintiff, from which defendant appealed.

Under the evidence, the defendant not having shown any ownership of the said mortgage to the Campbell-Redell Grocery Company, dated March, 1904, its claim of ownership and possession must rest solely on the bill of sale made to it by Boyd on August 24th, next thereafter. It is, therefore, a question of law and fact whether under the Bankrupt Act plaintiff made out a case sustaining the finding and judgment of the court. Under said act, "A person shall be deemed to have given a preference if, being insolvent, he has within four months before the filing of the petition, or after the filing of the petition and before the adjudication . . . suffered a transfer of any of his property," and "the effect of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class." The act further provides: "If a bankrupt shall have given a preference and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee and he may recover the property or its value from such person."

Because Boyd was insolvent at the time of the transfer of the property to defendant, and the subsequent adjudication that he was a bankrupt, did not make a case on which plaintiff was entitled to recover. It was necessary to show further that at the time of such transfer defendant had reasonable cause to believe that it was the intention of Boyd to give him a preference over other creditors. [Landis v. McDonald, 88 Mo. App. 335; Lampkin v. People's Nat'l Bank, 98 Mo. App. 239.] We have seen that Boyd's assets were of the value of $700 and that his indebtedness amounted to $668.12. But there is no evidence to show, and no attempt to show,

that defendant knew what property he owned or that it had any knowledge whatever of the extent of his indebtedness except its own and a small balance due on the said mortgage. It will not do to assume from the single fact that defendant took the property in payment of its debt, that it follows that thereby it had reasonable cause to believe that Boyd intended to give it a preference over other creditors. On the contrary, we all know that mortgages and transfers of personal property are often made where the circumstances are such as to preclude any such intention.

The plaintiff having failed to prove his case, the court committed error in not sustaining defendant's demurrer to the evidence. Reversed. All concur.